ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| SANJEEV KAILA<br><br>Peticionario<br><br>v.<br><br>MICHELLE ANN BAKER<br><br>Recurrida | TA2026CE00667 | *Certiorari*, procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2026RF00215<br><br>Sobre: Custodia |

Panel integrado por su presidenta, la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 26 de mayo de 2026.

Comparece Kanjeev Kaila ("señor Kaila" o "Peticionario") mediante *Petición de Certiorari* y nos solicita que revisemos y revoquemos tres (3) dictámenes emitidos, el 27 de abril de 2026 y el 6 y 9 de mayo de 2026, por el Tribunal de Primera Instancia, Sala Superior de San Juan ("TPI"). En virtud de los aludidos dictámenes, el TPI denegó las solicitudes instadas por el peticionario, con la intención de encontrar a Michelle Ann Baker ("señora Baker" o "Recurrida") incursa en desacato.

Por los fundamentos que proceden, se *deniega* la expedición del auto de *certiorari*.

**I.**

El 20 de febrero de 2026, el señor Kaila presentó una *Demanda* sobre custodia en contra de la señora Baker. Tras varias instancias, el 25 de marzo de 2025, el peticionario radicó una *Urgentísima Moción Informativa y Solicitando Orden para que se prohíba a la demandada sacar a la menor de la jurisdicción de Puerto Rico y sobre otros extremos.* Ese mismo día, el TPI emitió una *Orden* en virtud de la cual le prohibió a ambas partes sacar a la menor de Puerto Rico, sin la autorización escrita del tribunal.

El 26 de marzo de 2026, el señor Kaila presentó una *Urgentísima Moción Informativa Solicitando Vista para establecer relaciones paterno filiales o plan de custodia compartida provisional*. En igual fecha, el foro de instancia señaló una vista para el 21 de abril de 2026.

Posteriormente, el 8 de abril de 2026, la señora Baker notificó una *Urgente Moción Informativa y en Solicitud*. Informó que, previo a recibir la notificación sobre la prohibición de sacar a la menor de la jurisdicción, ese mismo día, partió, junto a su hija, hacia Canadá. Explicó que se encontraba ilegalmente en los Estados Unidos y, como resultado, decidió auto deportarse a su país de origen. Manifestó que no fue su intención desacatar la *Orden* del tribunal. Añadió que estaba dispuesta a comparecer a los procedimientos a través de videoconferencia. Por tanto, peticionó que no se le encontrara incursa en desacato.

El 17 de abril de 2026, el peticionario radicó una *Moción urgente solicitando Orden para traer a menor de regreso a Puerto Rico y se encuentre incursa en desacato a la parte demandada*. Celebrada la vista del 21 de abril de 2026, ese mismo día el TPI emitió la siguiente *Orden*:

> Puerto Rico tiene la jurisdicción sobre la menor y se propone ejercerla.
> Vista evidenciaria presencial: 28 de mayo de 2026, 2 pm.
> Como medida cautelar se ordena a la señora Michelle Ann Baker que regrese a la menor Seeta Sohanna Kaila a Puerto Rico inmediatamente y complete su grado escolar.[1]

Inconforme, el 22 de abril de 2026, el señor Kaila presentó una *Urgente Moción Solicitando Reconsideración o Enmienda a Orden emitida el 21 de abril de 2026*. Siendo así, en igual fecha, el TPI emitió una *Orden* en virtud de la cual le ordenó a la señora Baker a entregar a la menor, dentro de un plazo de setenta y dos (72) horas en la oficina del representante legal del peticionario en Canadá. A su vez, le concedió al señor Kaila la custodia provisional de la menor y le autorizó recogerla y traerla de regreso a Puerto Rico.

Transcurrido el término, el 27 de abril de 2026, el señor Kaila notificó una *Moción urgente informando incumplimiento de parte demandada con la Orden del*

---

[1] Apéndice del recurso, Entrada Núm. 57.

*Tribunal.* Ante el incumplimiento de la recurrida, solicitó que se emitiera una orden de mostrar causa por la cual no se le debía encontrar incursa en desacato criminal. Ese mismo día, el TPI denegó la solicitud instada por el peticionario.

En igual fecha, el señor Kaila presentó una *Urgente moción solicitando Reconsideración.* El 28 de abril de 2026, el TPI le ordenó a la recurrida a expresarse en cuanto a la solicitud de reconsideración.

El 5 de mayo de 2026, la señora Baker notificó una *Moción en cumplimiento de Orden de 28 de abril de 2026.* Expuso que, el 15 de abril de 2026, la Corte Superior de Ontario emitió una orden mediante la cual indicó que, pendiente la resolución de una aplicación instada al amparo de la Convención de la Haya, las partes tenían prohibido sacar a la menor de Canadá, sin la autorización de la Corte o sin el consentimiento escrito de ambos padres. Ante ello, sostuvo que no se encontraba voluntariamente incumpliendo con las órdenes del TPI.

Así pues, el 6 de mayo de 2026, el TPI dictó una *Orden* en virtud de la cual denegó la solicitud de reconsideración instada por el peticionario. Nuevamente, el 8 de mayo de 2026, el señor Kaila presentó una *Urgente Moción para informar que la parte demandada no puede ahora esconderse detrás de las órdenes de las cortes canadienses para incumplir las órdenes de este Honorable Tribunal y Solicitando nuevamente se encuentre a la parte demanda en desacato.* El 9 de mayo de 2026, notificada el 11 de mayo de 2026, el foro de instancia dictaminó una *Orden* mediante la cual denegó la solicitud presentada por el peticionario.

Insatisfecho, el 25 de mayo de 2026, el señor Kaila acudió ante nos mediante una *Petición de Certiorari.* La parte peticionaria realizó el siguiente señalamiento de error:

> **Cometió error de derecho y abusó de su discreción el Tribunal de Primera Instancia al denegar. las solicitudes del peticionario para que ordenase a la recurrida mostrar causa por la cual no debía encontrarse incursa en desacato ante el reiterado incumplimiento de ésta de las órdenes judiciales de 25 de marzo de 2026, que prohibía que la hija menor de las partes saliera del país, sustrayéndola y viajando con ella a Canadá, y la del 22 de abril de 2026 que le requería entregar la menor al peticionario, así como la orden para que consintiese a que se enmendase la Orden de la Corte de Ontario de 15 de abril de 2026 para que la menor regresara a Puerto Rico. Las solicitudes del recurrente tenían el propósito de lograr que se pusieran en vigor las**

**órdenes válidamente dictadas por el foro de instancia que, al denegarlas, declinó ejercer su autoridad.**

El 26 de mayo de 2026, el peticionario presentó una *Moción en Auxilio de Jurisdicción para la paralización de los procedimientos*. Examinado el recurso, optamos por prescindir de los términos, escritos y procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 13, 215 DPR __ (2025).

## II.

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados*, 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la

apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial

está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### III.

Luego de un examen cuidadoso del expediente, a la luz de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra*, no identificamos razón por la cual esta Curia deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. En el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

### IV.

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari*. Consecuentemente, se *deniega* la solicitud de auxilio de jurisdicción. Se devuelve al Tribunal de Primera Instancia, Sala Superior de San Juan, para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones